UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TOMAS HERNANDEZ SANTOS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:05CV1138(CEJ) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Tomas Hernandez Santos, an inmate in the Commonwealth of Puerto Rico, for a "Writ of Habeas Corpus in Character of Reconsideration of Sentence" [Doc. #1].

**Background**

On April 17, 1984, Santos pled guilty to one count of aiding and assisting in the attempt of an escape of a federal prisoner and one count of conspiring to help federal prisoners escape. See United States v. Santos, Case No. 4:83CR128 (E.D. Mo.). On September 7, 1984, Santos was sentenced to concurrent terms of 5 years imprisonment. However, Santos's sentences run consecutively to a sentence imposed in 1982 and "all other sentences" which he was then serving. Id. This Court's records indicate that Santos did not appeal his convictions or sentences, and that he has not filed a motion for relief pursuant to 28 U.S.C. § 2255.

**The application**

In his application, Santos states that when combined with all of his other sentences, he will serve a total of 424 years in prison. He also states that he "has been converted to Christ" and that he "desires to be useful to Christ." Therefore, he asks that the Court reconsider the sentences so that they run concurrently with his other sentences.

**Discussion**

The application should be dismissed because this Court lacks jurisdiction to reconsider Santos's sentence. In 1984, when the sentence was imposed, Rule 35 of the Federal Rules of Criminal Procedure provided that a court could reduce a sentence within 120 days after its imposition. Fed. R. Crim. P. 35 (amended 1987). See United States v. Murray, 275 U.S. 347, 358  Under this earlier version of Rule 35, a district court has no authority to shorten a sentence once an inmate begins serving it. See United States v. Murray, 275 U.S. 347, 358 (1928). Rule 35 was amended in 1987, and the circumstances under which a district court may alter a sentence are now limited to the correction of clear errors and reduction for a defendant's substantial assistance to the government. None of these circumstances are present here. Even if the earlier version of Rule 35 were applicable, Santos's application would have to be denied because it was filed well outside the 120-day period in which the rule authorized the court to change a sentence.

Finally, even if the Court liberally construes the instant action as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, it should be denied.  Title 28 U.S.C. § 2255 now provides that a one-year period of limitations applies to § 2255 motions.  As applied to this case, the motion for relief pursuant to § 2255 is time barred.  As noted above, applicant was sentenced on September 7, 1984, and applicant did not pursue a direct appeal. Because applicant's conviction became final prior to the enactment of the one-year period of limitations, applicant had a one-year grace period - until April 24, 1997 - to file a § 2255 action in federal court.  See Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999); Moore v. United States, 173 F.3d 1131 (8th Cir. 1999).  The instant action, however, was not filed until July 15, 2005.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the application for a "Writ of Habeas Corpus in Character of Reconsideration of Sentence" [Doc. #1] is **DISMISSED**, with prejudice.

An appropriate order shall accompany this memorandum and order.

Dated this 28th day of September, 2005.

_____
UNITED STATES DISTRICT JUDGE